**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO.: ________________

RONALD PARDI,
*Plaintiff*,

v.

UNITED STATES OF AMERICA,
*Defendant*.

**COMPLAINT**

## JURISDICTION AND VENUE

1. This is a civil action seeking damages against the United States of America for personal injuries resulting from the negligence or wrongful acts or omissions of an employee of the Federal Bureau of Investigation (FBI) acting within the scope of their employment.
2. This Court has subject-matter jurisdiction over this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671 *et seq*.
3. The Plaintiff has satisfied all administrative conditions precedent to filing this suit. On September 10, 2025, pursuant to and in strict compliance with 28 U.S.C. § 2675(a), the Plaintiff presented an administrative claim (Standard Form 95) for a sum certain for personal injury to the FBI, via the Associate Division Counsel, United States Department of Justice. The written claim was received on or about September 17, 2025 and demanded damages in the amount of $25,000.00.
4. On or about September 17, 2025, the Associate Division Counsel for the United States Department of Justice sent a written acknowledgement of receipt of the Plaintiff's

administrative claim. However, the agency has failed to make a final disposition or offer a final determination of the claim. Because more than six months have elapsed since the claim was officially presented, the Plaintiff exercises the right under 28 U.S.C. § 2675(a) to deem the agency's failure to act as a final denial, thereby fully exhausting all administrative remedies.

5. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1402(b) because the Plaintiff resides in this judicial district and because the negligence or wrongful acts or omissions giving rise to this claim occurred in this judicial district.

6. This action is timely commenced pursuant to 28 U.S.C. § 2401(b) because the Plaintiff presented the administrative claim to the appropriate federal agency within two years after the claim accrued, and this subsequent civil action is brought following the agency's failure to make a final disposition within the six-month statutory period under 28 U.S.C. § 2675(a).

**PARTIES**

7. The Plaintiff, Ronald Pardi, is an individual and a citizen of the United States of America, currently residing at 11 Carr Road, Saugus, Massachusetts 01906 within the District of Massachusetts.

8. The Defendant, the United States of America, is a sovereign nation and is the sole and proper defendant in this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679(a)–(b), for the negligent or wrongful acts or omissions of federal employees operating motor vehicles within the course and scope of their employment.

9. At all times relevant to this Complaint, the FBI was a federal agency and a component of the United States Department of Justice, an executive department of the Defendant United States of America.

10. At all times relevant to this Complaint, the operator of the government vehicle that struck the Plaintiff's vehicle was Renee Kelley, who was an employee of the federal government as defined by 28 U.S.C. § 2671, and was operating a vehicle owned by the Defendant United States of America within the course and scope of her official employment.

**STATEMENT OF FACTS**

11. On or about December 2, 2024, at approximately 2:30 p.m., the Plaintiff was operating their personal motor vehicle, a 2009 Lincoln Town Car, in the City of Melrose, Massachusetts.

12. At all relevant times, the weather was clear and the roadway conditions were dry.

13. At all times relevant hereto, the Plaintiff was lawfully and completely stopped in a line of traffic on or near Upham Street.

14. While the Plaintiff's vehicle was completely stopped, Renee Kelley, an employee of the FBI, was operating a federally owned vehicle directly behind the Plaintiff, while working, in furtherance of FBI business.

15. Kelley failed to maintain a safe distance, failed to keep a proper lookout, and failed to bring the federally owned vehicle to a stop, causing the federally owned vehicle to violently strike the rear end of the Plaintiff's stopped vehicle.

16. The force of the initial rear-end collision caused by Kelley was so severe that it propelled the Plaintiff's vehicle forward, causing it to crash into the rear end of the stopped vehicle directly ahead of the Plaintiff.

17. As a direct and proximate result of being struck from behind and pushed into the forward vehicle, the Plaintiff's vehicle was rendered a total loss.
18. As a direct and proximate result of the collision, the Plaintiff sustained serious and painful personal injuries, including injuries to his neck, back, and left shoulder.
19. Following the collision, the Plaintiff presented to Harvard Vanguard, where he was evaluated by his primary care physician for the injuries sustained in the accident.
20. The Plaintiff's primary care physician subsequently referred him to physical therapy to treat his injuries.
21. Pursuant to that medical referral, the Plaintiff underwent a prescribed course of physical therapy treatment at Come Back Physical Therapy.
22. As a direct and proximate result of the negligence of the Defendant United States of America, through its employee Renee Kelley, the Plaintiff has incurred medical expenses, endured physical pain and suffering, and experienced a loss of enjoyment of life.

## CLAIM FOR RELIEF

### Count I – Negligence (Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*)

23. The Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.
24. Pursuant to 28 U.S.C. § 2674, the United States is liable for the negligent acts or omissions of its employees in the same manner and to the same extent as a private individual under like circumstances. The Plaintiff's negligence claim is therefore based upon the duties imposed by Massachusetts law upon a private motorist operating a motor vehicle on Massachusetts roadways.

25. At all relevant times, Defendant United States of America, through its agent, servant, and employee Renee Kelley, owed a duty of care to all other motorists lawfully on the roadway, including the Plaintiff, to operate the federally owned motor vehicle in a safe, reasonable, and prudent manner, and with due regard for the safety of others.
26. At all times relevant, Kelley had a specific operational duty to maintain a safe and reasonable distance from the vehicle ahead, to maintain a vigilant lookout for traffic conditions, to maintain control of the federally owned vehicle, and to comply with the motor vehicle laws and traffic regulations of the Commonwealth of Massachusetts.
27. Defendant United States of America is vicariously liable for the negligent acts and omissions of its employee, Renee Kelley, under the doctrine of *respondeat superior* and pursuant to 28 U.S.C. § 1346(b)(1), as Kelley was acting within the course and scope of her federal employment at the time of the collision.
28. Defendant United States of America, by and through the negligent acts and omissions of its employee, breached its duty of care and was negligent in the operation of the federally owned vehicle. The specific acts of negligence include, but are not limited to:
    a. Failing to maintain a proper and safe distance from the Plaintiff's vehicle;
    b. Failing to maintain a proper and adequate lookout for vehicles stopped in the roadway ahead;
    c. Operating the federally owned vehicle at a speed greater than was reasonable and proper under the existing traffic conditions;
    d. Failing to timely and properly apply the vehicle's brakes to avoid a collision; and
    e. Failing to maintain proper control over the federally owned vehicle.

29. The negligence of the Defendant's employee caused a violent, multi-vehicle chain-reaction collision, wherein the Plaintiff's vehicle was forcefully struck from behind and propelled into a third vehicle directly ahead, causing the Plaintiff's body to whip forward and for him to brace himself absorbing the force of the collision.

30. As a direct and proximate result of the Defendant's operational negligence, the Plaintiff sustained serious, painful, and severe personal injuries to his neck, back, and left shoulder.

31. As a further direct and proximate result of the Defendant's negligence, the Plaintiff was forced to undergo medical evaluations at Harvard Vanguard, endured a prolonged course of physical therapy at Come Back Physical Therapy, incur substantial medical and treatment expenses, suffer great physical pain and mental anguish, and experience a significant loss of enjoyment of life, all to his great damage.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, **Ronald Pardi**, respectfully requests that this Court enter judgment in his favor and against the Defendant, the United States of America, and award the following relief:

a. Compensatory damages in the amount of **$25,000.00**;

b. Total allowable costs of this action; and

c. Such other and further relief as this Court deems just and proper.

Respectfully submitted,
The Plaintiff, Ronald Pardi,
By His Attorney,

Nickolas B. Grout, Esq., BBO # 697314
Law Offices of Howard M. Kahalas, P.C.
6 Beacon Street, Suite 02108
Telephone: (617) 523-1155
ngrout@kahalaslaw.com

Date: November 19, 2026